**DASTI, MURPHY, McGUCKIN, ULAKY, KOUTSOURIS & CONNORS**
GREGORY P. MCGUCKIN, ESQ. [004501988]
620 West Lacey Road
P.O. Box 1057
Forked River, New Jersey 08731
(609) 971-1010; (609) 971-7093 (FAX)

Attorneys for Defendant Township of Jackson

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>TOWNSHIP OF JACKSON and<br>JACKSON PLANNING BOARD,<br><br>Defendants. | CIV. A. NO.: 3:20-CV-06109<br><br><br><br><br>**ANSWER OF DEFENDANT<br>TOWNSHIP JACKSON** |

The Defendant, Township of Jackson, a Municipal Corporation of the State of New Jersey, whose principal place of business is located at 95 W. Veterans Highway, Jackson New Jersey, by way of Answer to the Plaintiff's Complaint states as follows:

### Introduction

1.  This Defendant admits the filing of said civil action but denies that the Township Zoning Ordinances intentionally target religious schools and housing associated with such schools, or that it is impossible, or nearly impossible, for religious schools, including religious boarding schools, to operate in the municipality.

### Nature of the Action

2.  Admitted.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

1

3. The Ordinance language shall speak for itself, however, the Ordinances as adopted do not make it impossible for religious boarding schools to be construed dormitories as they are treated in the in the same way as dormitories for nonreligious colleges or universities. They are simply not permitted uses, and would require variance relief from the Township Zoning Board of Adjustment.

4. Denied. The Township of Jackson includes nearly 60,000 residents and any alleged animus, if existing, is far from "widespread". Likewise, the Township Ordinances do not intentionally target the needs of the Orthodox community to establish religious schools or associated dormitory housing within the township and apply equally to secular and non-secular schools, colleges or universities.

5. Denied. A zoning variance would be required from the Township's Zoning Board of Adjustment, as with any other non-permitted use under the township zoning regulations.

6. Denied. The Ordinances applied equally to both secular and non-secular housing for schools, colleges and universities.

7. Denied. The Ordinances applied equally to both secular and non-secular housing for schools, colleges and universities.

## Jurisdiction and Venue

8. Admitted.

9. This Defendant admits the provisions of 42 U.S.C. § 2000cc-2(f).

10. This Defendant admits the provisions of 42 U.S.C. § 3614(a).

11. Admitted.

## Parties

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

2

12. Admitted.

13. Admitted.

14. Admitted.

15. The Defendant admits that the area located to the east and northeast of Jackson Township has experienced a recent increase in the Orthodox Jewish population, however, not the surrounding communities.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted, however, such restrictions are subject to and in accordance with the New Jersey Municipal Land Use Law.

24. Admitted, however, under the New Jersey Municipal Land Use Law the Mayor may designate a person to attend in his place, and he is not required to attend meetings of the Township Planning Board.  In addition, the Jackson Township Council may designate a member of the Council to serve on the Jackson Township Planning Board.  The balance of this paragraph is admitted.

25. Admitted.

26. Admitted.

**Facts**

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

3

### *The Orthodox Community in Jackson*

27. Admitted, although without any specific facts, it is possible there are a greater number of Orthodox families now living within Jackson Township.

28. Admitted.

29. The township denies that such a "general rule" exists based upon the diversity of the community, and is not qualified to render a response as to the central elements of the Orthodox Jewish religious community, and leaves the Plaintiff to its' proofs thereon.

30. The Township of Jackson cannot adequately form a response to the focus of the various sub-sects of the Orthodox Community with respect to religious life and education, and leaves the Plaintiff to its' proofs thereon.

31. The Township of Jackson cannot adequately form a response to the focus of the various sub-sects of the Orthodox Community with respect to religious life and education, and leaves the Plaintiff to its' proofs thereon.

32. The Township of Jackson cannot adequately form a response to the focus of the various sub-sects of the Orthodox Community with respect to religious life and education, and leaves the Plaintiff to its' proofs thereon.

33. Admitted, however, there are other parochial schools in Jackson Township.

34. Denied.

### *Jackson's Zoning Map and Zoning Districts*

35. Admitted.

36. Admitted.

37. Admitted, however, pursuant to the New Jersey Municipal Land Use Law, a local municipality may not designate standards or conditions for public educational facilities.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

38. Admitted.

### *Jackson's Zoning for Schools Before 2017*

39. The Township admits the language of the various Ordinances and leaves the Plaintiffs to their proofs thereon.

40. Admitted that they were not considered permitted uses.

41. The Township admits the language of the various Ordinances and leaves the Plaintiffs to their proofs thereon.

42. Admitted.

43. Admitted.

44. Admitted, however, the initial Complaint did not assert any RLUIPA claim, but simply challenged the Zoning Board's determination as being arbitrary and capricious under the New Jersey Municipal Land Use Law. The decision of the Board was affirmed by the Court. Thereafter, Plaintiff amended their Complaint to assert RLUIPA claims, which remain pending.

### *Jackson's Zoning for Schools After 2017:*
### *Ordinance 03-17*

45. Admitted, however, said Ordinance simply indicates they were no longer a permitted use. Anyone wishing to construct such an educational facility would require variance relief to construct same before the Township Zoning Board of Adjustment.

46. Admitted.

47. Admitted, however, whether expressly prohibited or "not permitted" as a permitted use, any property owner has the right to appear before the Township Zoning Board of Adjustment seeking approvals to construct any non-permitted use pursuant to the New Jersey Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

48.   Denied. Such private and parochial schools can be located in any zone if the Applicant obtains variance relief to permit same.

49.   Denied that the zone is "small", but the balance of this paragraph is admitted.

50.   Admitted, however, upon information and belief, these zones contain existing schools.

51.   Denied.

52.   Admitted.

### *Jackson's Zoning for Dormitories Before 2017*

53.   Admitted, however, the Township denies that dormitories are a customary and accessory use, building or structure with respect to a school.

54.   Denied. Dormitories are not a customary use, building or structure incidental to a principal use of a school.

55.   Denied.

### *Jackson's Zoning for Dormitories After 2017:*
### *Ordinances 03-17 and 04-17*

56.   This statement interprets an Ordinance which shall speak for itself. However, the Ordinance applied to dormitories for both secular and non-secular facilities equally.

57.   Admitted that a portion of the Ordinance is accurately repeated herein.

58.   Admitted that a portion of the Ordinance is accurately repeated herein.

59.   Admitted that said language is identical.

60.   Denied. The Jackson Township Zoning Board of Adjustment approved a general development plan and site plan for Adventure Crossing, not the Jackson Township Planning Board. Said housing included residential apartments and required a use variance, as

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

6

they were not permitted in the zone. Similar to the manner in which a dormitory would apply for and receive a use variance if it is not permitted in a zone.

61. Denied. The Planning Board played no role in the application for Adventure Crossing. The Zoning Board of Adjustment granted use variance relief for apartments which are not dormitories under the Ordinance.

62. Admitted.

63. Denied. The team suites are part of a hotel complex for transient guests and are not considered residential dwellings in accordance with the Fair Housing Act.

64. Admitted, since the hotel suites are not dormitories and are considered transient accommodations pursuant to the Fair Housing Act.

65. Denied. The Board determined the application as presented were hotel suites and not dormitories; first, because they did not meet the then definition of a dormitory, and secondly, because they were transient accommodations, and not dwellings. In the event same were considered to be dormitories, the Applicant would have been required to obtain variance relief from the Township Zoning Board of Adjustment, as the Planning Board would have no jurisdiction to hear the application. Ordinance 04-17 has since been repealed.

66. Admitted, however, hotel suites are not.

### *Jackson's Zoning for Multi-Family Housing 2017 to Present*

67. Admitted.

68. Admitted.

69. Denied that same would have a similar impact as dormitories. Such zoning cannot be limited to any religious denomination or particular institution, secular or otherwise, must be available to any member of the general public and is consistent with the Fair Housing

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

7

Act and State Law. In addition, such zoning is required to meet the Township's Fair Share Housing obligation for low and moderate income residents, a state constitutional obligation of every New Jersey Municipality.

### *Animus toward Orthodox Community and Discriminatory Motives Behind Ordinances 03-17 and 04-17*

70. Admitted.

71. Denied that it is because of their religious affiliation, but rather the tension exists as to concerns regarding overdevelopment and which has resulted in litigation between the Township and numerous land use developers.

72. Denied that it is because of their religious affiliation, but rather the tension exists as to concerns regarding overdevelopment

73. Denied.

74. Denied. The No-Knock Ordinance was adopted in response to citizen complaints received by the Township of overly-aggressive realtors.

75. This Defendant is without information sufficient to form a belief as to the allegations contained in the seventy-fifth paragraph of the Plaintiff's Complaint and leaves the Plaintiff to its proofs thereon.

76. Denied. The No-Knock Ordinance was adopted in response to citizen complaints received by the Township of overly-aggressive realtors.

77. Denied. The Council President, under the Township form of Government does not exercise leadership over any division or department of the Township of Jackson. All such departments report to the Mayor who is in charge of the administrative functions of the municipality. The Township Council is the legislative branch of local government. In

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

addition, the Division of Code Enforcement responded to complaints of violations of the Township's Zoning Code, which is its' specific job, duty and responsibility.

78. Admitted that numerous complaints were received and valuable time and resources were being devoted to responding to those complaints, and that the then Township Administrator wished for more personnel to handle other issues.

79. The Township Mayor has no control over emails or comments received from individuals; good, bad, anti-Semitic or otherwise.

80. Admitted that there are residents of Jackson who are opposed to the increased presence of the Orthodox community in Jackson Township, and same have expressed their opinions regarding same. However, members of the Orthodox community, as well as many other residents have, likewise, complained about the exponential growth of the municipality, which is unrelated to the religious affiliation of those seeking to develop properties in Jackson Township.

81. The Township admits that there are residents of Jackson Township who utilize social media to encourage other residents to contact their officials and express their views on issues effecting Jackson Township.

82. Denied. Members of the Township Council lawfully exercise their authority in accordance with their constitutional and statutory obligations.

### *Jackson Targets the Orthodox Community Through Ordinances 03-17 and 07-17*

83. Denied.

84. Admitted, however, the township is not required, nor is it in the normal course to provide justification behind ordinances when they are introduced on first reading. The public hearing cannot be set on the Ordinance until it passes a first reading.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

85. This Defendant admits that residents of Jackson Township exercise their First Amendment Rights during the public Council Meetings, which the Council is required by law to conduct and listen to.

86. Admitted. After the Board found that the Ordinances were not inconsistent with the Jackson Township Master Plan, which they are required to find or not find under the New Jersey Municipal Land Use Law.

87. This Defendant admits that comments were made on social media expressing support for the Ordinances, but denies it was a way to prevent the Orthodox community from further populating Jackson.

88. Admitted that a public hearing was held on March 14, 2017, and residents of Jackson Township exercised their First Amendment Rights to express their opinions regarding the proposed Ordinances being considered by the Governing Body. The Township denies that the Ordinances were needed to "prevent the Orthodox community from further populating Jackson".

89. Admitted.

90. The transcripts of comments made by Councilman Martin shall speak for themselves.

91. The transcripts of comments made by Councilman Bressi shall speak for themselves.

92. The transcripts of comments made by Councilman Bressi and Councilman Calogero shall speak for themselves.

93. Mayor Reina does not sit on the Township Planning Board. The balance of this paragraph is admitted.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS
COUNSELLORS AT LAW
620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

94. This Defendant is without information sufficient to form a response to this allegation as it is not cognizant of and familiar with the likelihood of any religious organization wishing to move to any particular location.

95. Denied. Any Applicant for a non-permitted use is permitted to apply to the Township's Zoning Board of Adjustment, as with any other nonpermitted use, to seek variance relief.

96. Admitted.

97. This Defendant is without information sufficient to form a belief as to the allegations contained ninety-seventh paragraph of the Plaintiff's Complaint and leaves the Plaintiff to its' proofs thereon.

98. This Defendant is without information sufficient to form a belief as to the allegations contained in the ninety-eighth paragraph of the Plaintiff's Complaint and leaves the Plaintiff to its' proofs thereon.

99. Denied. In accordance with the New Jersey Municipal Land Use Law, any use not permitted by local zoning regulations may apply for variance relief to construct same.

100. This Defendant is without information sufficient to form a belief as to the beliefs of Agudath Israel and leaves the Plaintiff to its' proofs thereon. In any event, any Applicant wishing to construct an educational facility with associated housing has the ability to seek an approval for same.

### *Anti-Orthodox Animus in Jackson by Township Officials and Residents Continues after Enactment of 2017 Ordinances*

101. Denied.

102. The Township agrees that Ordinance 20-17 was adopted. It denies that same is discriminatory or was adopted as a result of animus towards Orthodox residents.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

11

103. Ordinance 20-17 shall speak for itself, and the Township has taken enforcement action to enforce its' Ordinances.

104. Admit that Mayor Reina signed the Ordinance into law. Deny the hearsay statements of Councilman Bressi.

105. Admitted that said incidents occurred and any person responsible has been or will be prosecuted.

106. The Township has no control over social media of private individuals, whether they reside in Jackson Township or elsewhere. In general, the Defendant acknowledges that there is an anti-development concern of residents both in and outside of Jackson.

107. This Defendant admits the resignation set forth herein. This Defendant is without information sufficient to form a belief as to the allegations contained in the remaining portion of this paragraph.

108. This Defendant is without information sufficient to form a belief as to the allegations contained in the one-hundred and eighth paragraph of the Plaintiff's Complaint and leaves the Plaintiff to its' proofs thereon. In addition, this paragraph is not directed against this Defendant and this Defendant makes to response thereto.

109. This Defendant is without information sufficient to form a belief as to the allegations contained in the one-hundred and ninth paragraph of the Plaintiff's Complaint and leaves the Plaintiff to its' proofs thereon. In addition, this paragraph is not directed against this Defendant and this Defendant makes to response thereto.

110. This Defendant is without information sufficient to form a belief as to the allegations contained in the one-hundred and tenth paragraph of the Plaintiff's Complaint and

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

leaves the Plaintiff to its' proofs thereon. In addition, this paragraph is not directed against this Defendant and this Defendant makes to response thereto.

111. Denied. The Township never engaged in such settlement. A single member of the Council entered into private negotiations with the Plaintiff and did not advise the entire governing body of the details of those discussions. A single member of Council has no authority to bind the municipality to any settlement or agreement and Plaintiffs knew or should have known same. Under the Township's form of government, the Township solicits requests for proposals annually from interested attorneys seeking to serve as Municipal Solicitor for a one (1) year term. The prior attorney did not apply to be reappointed for 2020. As a result, new counsel was engaged by the Township. The Township's legal counsel is not the counsel of record in the private Plaintiff's lawsuit.

### *United States' Notification of Suit Authorization And Subsequent Township Action*

112. Admitted.

113. Denied. On May 12, 2020, the Township Council introduced on first reading proposed Ordinances repealing Ordinance 03-17 and 04-17.

114. Admitted, however, the public hearing on the Ordinance was not held on May 12, 2020.

115. Admitted, however, Township Officials advised the reason therefor was because dormitories were never authorized as a permitted use. Same were not permitted prior to the 2017 Ordinance, subsequent to the 2017 Ordinance and currently.

116. Admitted, however, it is at the second reading where a public hearing is conducted with respect to same. In addition, on May 26, 2020, Ordinance No. 04-17 was

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

13

repealed. In addition, Plaintiff was notified that the Township was placing the Ordinances on the agenda for repeal and, only after so notifying the Plaintiffs did Plaintiffs institute suit.

117. Denied.

### Count I: RLUIPA – Equal Terms

118. This Defendant repeats and incorporates herein each and every answer of the preceding paragraphs as is set forth more fully herein at length.

119. Denied.

### Count II: RLUIPA – Nondiscrimination

120. This Defendant repeats and incorporates herein each and every answer of the preceding paragraphs as is set forth more fully herein at length.

121. Denied.

### Count III: FHA

122. This Defendant repeats and incorporates herein each and every answer of the preceding paragraphs as is set forth more fully herein at length.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

**WHEREFORE**, Defendant, Township of Jackson, demands judgment for:

    a. Dismissing the Plaintiff's Complaint in its entirety with prejudice;

    b. Cost of suit;

    c. Attorney's fees;

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS
COUNSELLORS AT LAW
620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

      d.    Such other relief as this Court deems equitable and just.

## **AFFIRMATIVE DEFENSES**

1. Any loss or damage sustained by the Plaintiff was due to the negligence or other conduct of persons over whom this Defendant exercised no control, nor right of control.

2. The Complaint herein fails to state a claim upon which relief can be granted and this Defendant reserves the right to move at or before time of trial to dismiss the Plaintiff's Complaint.

3. This action is barred by any applicable Statute of Limitations of actions, and/or Statute of Repose.

4. This Defendant specifically denies being liable for punitive damages.

5. Defendant hereby adopts any and all rights and defenses under the New Jersey Punitive Damages Act, N.J.S. 2A:15-5.9, et seq.

6. Plaintiff's claim for punitive damages violates this Defendant's right to protection from "excessive fines" as is provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New Jersey and violates this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New Jersey.

7. Plaintiff's claim for punitive damages violates this Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New Jersey.

8. Plaintiff and/or any other party has not been deprived any right, privilege or immunity secured to him by the United States Constitution, any Act of Congress or the New Jersey State Constitution by acts of this Defendant.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

9. This Answering Defendant is protected from suit by the Doctrine of Qualified Immunity.

10. This Answering Defendant is protected from suit by the Doctrine of Good Faith.

11. Answering Defendant acted at all times relevant hereto with good faith and without any fraud or malice.

12. Plaintiff's Complaint is barred, limited and/or controlled by the provisions of the New Jersey Tort Claims Act, N.J.S. 59:1-1, et seq., as applicable to Answering Defendant through the Doctrine of Derivative Immunity and the Complaint further is barred by the failure of Plaintiff to give timely notice of a claim or to present a claim thereunder.

13. Plaintiff has not suffered any injury or damages attributable to any conduct of Answering Defendant.

14. Defendant reserves unto itself all those defenses set forth in Rule 8 (c) of the Federal Rules of Civil Procedure and such other defenses, affirmative or otherwise as it may prove through discovery to be applicable.

15. Plaintiff's Complaint is barred for failure to exhaust administrative remedies.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

## JURY DEMAND

We request a jury trial as to all issues.

                                    DASTI, MURPHY, McGUCKIN, ULAKY,
                                    KOUTSOURIS & CONNORS
                                    Attorneys for Defendant Township of Jackson

Dated: July 21, 2020           By: _____
                                      GREGORY P. MCGUCKIN, ESQ

## CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

I hereby certify to the best of my knowledge, information and belief that this answer is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and the answer otherwise complies with the requirements of Rule 11.

                                    DASTI, MURPHY, McGUCKIN, ULAKY,
                                    KOUTSOURIS & CONNORS
                                    Attorneys for Defendant Township of Jackson

Dated: July 21, 2020           By: _____
                                      GREGORY P. MCGUCKIN, ESQ

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

## CERTIFICATION PURSUANT TO L.Civ.R. 11.2

I hereby certify that to the best of my personal knowledge the within claims of the Plaintiffs are the subject of another action pending in this court as referenced in Plaintiff's Complaint. This Defendant submits that this proceeding should be joined with said action entitled <u>Agudath Israel v. Jackson</u> No. 17-cv-3226 (P.NJ)(MAS)(DEA).

                                                                      DASTI, MURPHY, McGUCKIN, ULAKY,
                                                                      KOUTSOURIS & CONNORS
                                                                      Attorneys for Defendant Township of Jackson

DATED: July 21, 2020                        By: _____
                                                                        GREGORY P. MCGUCKIN, ESQ.

## CERTIFICATION

I certify that the within Answer has been filed with the Clerk of the Court, United States District Court, Trenton, New Jersey, via the Electronic Filing System, and a copy served upon all interested parties via the Electronic Filing System.

                                                                      DASTI, MURPHY, McGUCKIN, ULAKY,
                                                                      KOUTSOURIS & CONNORS
                                                                      Attorneys for Defendant Township of Jackson

DATED: July 21, 2020                        By: _____
                                                                         GREGORY P. MCGUCKIN, ESQ.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731