JEFFREY A. ROSEN
ACTING ATTORNEY GENERAL

RACHAEL A. HONIG
Acting United States Attorney
KELLY HORAN FLORIO
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2824
kelly.horan@usdoj.gov

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division
SAMEENA SHINA MAJEED
Chief
TAMAR HAGLER
Deputy Chief
RYAN G. LEE
BETH FRANK
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Phone: (202) 305-8196
beth.frank@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **TOWNSHIP OF JACKSON and JACKSON PLANNING BOARD**, <br><br> Defendants. | Hon. Michael A. Shipp <br><br> Civil Action No. 3:20-cv-06109 |

**STIPULATION AND ORDER REGARDING DISCOVERY**

1

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff, United States of America, and Defendants, Township of Jackson and Jackson Planning Board (each a "Party" and collectively, the "Parties"), by their respective counsel, have entered into this Stipulation governing obligations concerning preservation and production of documents as a supplement to the Federal Rules of Civil Procedure, Court orders, and any other applicable rules or law to reduce the time, expense, and other burdens of discovery of documents, things, and electronically stored information ("ESI").

## I. Preservation

A. In accordance with the Federal Rules of Civil Procedure ("FRCP"), the Federal Rules of Evidence, and the relevant controlling principles of law, the Parties having discussed their preservation obligations and needs pursuant to FRCP 26(f), hereby agree to preserve discoverable information within the scope of discovery as set forth in FRCP 26(b)(1).

B. The Parties agree that by preserving documents, things, and ESI for the purpose of this litigation, they are not conceding that such material is discoverable, nor waiving any claim of privilege.

C. This Stipulation and Order does not modify any Party's obligation to maintain and preserve documents, things, and ESI where otherwise required by law, pursuant to a court order or administrative order, or in response to other anticipated litigation.

## II. Limitations on Obligation to Preserve and Produce

Subject to § IV.A, the Parties agree to limit the scope of preservation as described in this section.

A. The Parties do not need to take specific, affirmative steps to preserve the following categories of ESI:

1. Logs of or other data from audio calls (including landline phones, mobile devices, and Voice Over Internet Protocol (VOIP)) made to or from (i) attorneys or staff of the United States and/or (ii) attorneys or staff of defense counsel in this case while acting in their capacity as attorneys or staff of counsel;

2. Logs or other data from video-conferencing tools (*e.g.*, Skype or Zoom) involving (i) attorneys or staff of the United States and/or (ii) attorneys or staff of defense counsel in this case;

3. Voicemail messages on the voicemail systems of (i) attorneys or staff of the United States and/or (ii) attorneys or staff of defense counsel in this case;

4. Internally facing server system logs of attorneys;

5. Externally facing or hosted file sharing system logs;

6. System data from photocopiers or fax machines;

7. Auto-saved copies of electronic documents;

8. Deleted, slack, fragmented, or other data only accessible by forensics; and

9. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

B. The Parties do not need to preserve all duplicate copies[1] of relevant ESI, as follows:

---

[1] "Duplicates" are copies of identical documents identified with matching MD-5 hashes, which is a mathematically calculated 128 bit value used to create a unique identifier for an electronic file, that exist in more than one location.

3

1. ESI existing or stored on mobile or portable devices (*e.g.*, smartphones, tablets, thumb drives, CDs, DVDs, etc.) or file sharing sites does not need to be preserved *provided that* duplicate copies of the ESI, including metadata, are preserved in another location reasonably accessible to the Party.

2. ESI on backup tapes, continuity of operations or disaster recovery systems, data or system mirrors or shadows, and other systems that are used primarily for the purpose of system recovery or information restoration and are not reasonably accessible ("Backup Systems") do not need to be preserved *provided that* duplicate copies of relevant ESI have been preserved in another reasonably accessible location. However, if a Party knows that relevant ESI exists *only* on a Party's Backup System, the Party will take reasonable steps to preserve ESI on the Backup System until the Parties can agree on how and when the ESI will be preserved or produced. If the Parties cannot reach agreement, they will seek a ruling from the Court.

C. The Parties do not need to take specific, affirmative steps to preserve relevant documents, things, or ESI (including internal communications, drafts, versions, and collaboration on case-related work) created by and/or exchanged solely among: 1) attorneys or staff within the United States Department of Justice; 2) attorneys or staff of counsel of record for Defendant; 3) attorneys or staff of the United States Department of Justice and attorneys or staff of other government agencies; and/or 4) attorneys or staff for the United States, counsel of record for Defendant, and/or counsel of record for private parties in related litigation or who intervene in this case.

    D. The Parties agree not to seek discovery of documents, things, and ESI that they have agreed not to preserve pursuant to § II.A., B., or C. above.

**III. Identification & Production of Documents, Things, and ESI**

    A. Production Format

        1. Electronic documents will be produced in a manner consistent with **Appendix A** to this ESI Plan. Furthermore, the Parties agree to provide a load file and metadata in a manner consistent with Appendix A.

        2. Each Party reserves the right to object to production of documents in the format specified herein to the extent that production in such format is impracticable or unreasonably burdensome or expensive.

        3. Each Party reserves the right to request native files for documents that are difficult to understand after they have been produced in the format specified herein or that contain potentially relevant embedded information, and such requests will not be unreasonably denied. Such a request shall be made according to the following protocol:

            a. The requesting Party shall make any such request as soon as reasonably practical after receiving a document production.

            b. The requesting Party shall provide a list of Bates numbers of the documents that it is requesting to be produced in native file format.

            c. Within fourteen (14) days of receiving this request, the producing Party will either (i) produce the requested native files to the extent reasonably practicable or (ii) respond in writing, setting forth its position on the production of the requested documents.

       d. If the Parties are unable to agree as to the production of the requested documents in native format, the Parties may submit the matter to the Court.

  B. De-Duplication

    1. A Party is only required to produce a single copy of a responsive document.

    2. Parties may de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 Hash value matching. ESI that is not an exact duplicate may not be removed.

    3. Common system files defined by the NIST library (http://www.nsrl.nist.gov/) need not be produced.

    4. Attachments to e-mails shall not be eliminated from the parent e-mail.

    5. Paper documents shall not be eliminated as duplicates of responsive ESI. To the extent the Parties de-duplicate stand- alone electronic documents against an e-mail attachment, the attachment to the e-mail must be the document that is produced.

  C. The Parties will make reasonable efforts to ensure that documents produced in native form, if any, are decrypted (or that passwords are supplied).

**IV. Third Parties**

  A. The Issuing Party is responsible for promptly producing any documents obtained under a subpoena to all other Parties.

    B. If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to the other Party.

**V.**     **Privileged Documents, Things and ESI**

  A. If any discovery request appears to call for the production of documents, things or ESI covered by § II.A., B., or C. the responding party is not required to produce or identify such information on a privilege log. However, if a party preserves relevant documents, things, or ESI covered by § II.A., B., or C., in order to support a claim or defense in this case, the Party shall produce such information or identify it on a privilege log notwithstanding this subsection.

  B. Inadvertent Disclosure of Privileged or Protected Information

    1. The Parties agree that, subject to Federal Rule of Evidence 502(b), a disclosure of information contained within documents, things, and ESI that is protected by attorney-client privilege, attorney work product protection, common interest in litigation privilege, and/or applicable governmental privileges (such as deliberative process) does not operate as a subject matter waiver in this case if: 1) the disclosure is inadvertent; 2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and 3) the holder promptly took reasonable steps to rectify the error.

    2. If the producing Party inadvertently discloses information that it asserts is privileged or protected, it will notify the receiving party within 7 days of the discovery of disclosure and provide the production date, number, and volume of the disc or drive on which the production was produced ("production

media"), and the Bates number(s) or Document ID (for native files) of all material that it believes contains the inadvertently disclosed information.

3. If a production contains information that the receiving Party believes is privileged or protected and was inadvertently produced, it will promptly notify the producing Party and provide the Bates number(s) or Document ID (for native files) of the item it believes was inadvertently produced. Within 14 days after receiving notification, the producing Party may make a written request for return of the material. If the producing Party does not send a written request for return of the material to the receiving Party within 14 days, the producing Party waives all claims of privilege or protection as to the material, but this still does not operate as a subject matter waiver.

4. When the receiving Party receives a written demand for return of the material, it will make reasonable, good faith efforts to promptly sequester, return or destroy all inadvertently produced material identified by the producing party. If copies of inadvertently produced materials are located or stored on the receiving Party's Backup System(s), those copies need not be affirmatively removed but, rather, the receiving Party may overwrite those copies according to its normal records management procedures.

5. If the receiving Party must destroy or delete production media (*e.g.,* CD, DVD, thumb drive, or downloaded file(s)) in order to destroy or delete inadvertently produced material, the producing Party will provide a duplicate copy of the production media minus only the inadvertently produced material

      within 14 days of its written request for return of the material to the receiving Party.

6. If the receiving Party intends to challenge the claim of privilege or protection or the inadvertence of the production, it will keep one copy of the inadvertently produced material in a sealed envelope or a sequestered location while seeking a ruling from the Court.  Nothing in this Stipulation prevents access by a receiving Party's information technology or security personnel from accessing, in the normal course of their work, systems or locations where inadvertently produced material is sequestered.

## VI. Miscellaneous

A. Each Party shall bear the costs of producing its own documents, things, and ESI.

B. This Stipulation may be executed in counterparts.

C. The terms of this Stipulation and Order are not exhaustive.  Each Party reserves the right to subsequently request to meet and confer to address any discovery matters, including forms of production and other matters not addressed herein.

D. None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request.

**IT IS SO ORDERED this _____ day of _____, 2020.**

_____
**HON. DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**

**For Plaintiff United States of America:**

Dated:   January 7, 2021

                                        Respectfully submitted,

| | |
|---|---|
| RACHAEL A. HONIG<br>Acting United States Attorney<br>District of New Jersey | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division<br><br>SAMEENA SHINA MAJEED<br>Chief |
| /s/ *Kelly Horan Florio*<br>KELLY HORAN FLORIO<br>Assistant U.S. Attorney<br>Civil Rights Unit<br>970 Broad Street, Suite 700<br>Newark, NJ 07102<br>Phone: (973) 645-2824<br>Email: kelly.horan@usdoj.gov | /s/ *Beth Frank*<br>RYAN G. LEE<br>BETH FRANK<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 305-8196<br>E-mail: beth.frank@usdoj.gov |

**For Defendant Township of Jackson:**

/s/ *Gregory P. McGuckin*
GREGORY P. MCGUCKIN
Dasti, Murphy, McGuckin, Ulaky, Koutsouris & Connors
620 West Lacey Road, Box 1057
Forked River, New Jersey  08731
Phone: (609) 971-1010
Email:  gmcguckin@dmmlawfirm.com


**For Defendant Jackson Planning Board:**

/s/ *Sean D. Gertner*
SEAN D. GERTNER
Gertner & Gertner, LLC
740 Bennetts Mills Road
PO Box 1149
Jackson, New Jersey  08527
Phone: (732) 523-5444
sgertner@gertneresq.com

## APPENDIX A

**Production Format of ESI and Imaged Hard Copy**

Responsive ESI and imaged hard copy shall be prod rmat outlined below with particular attention paid to sections 9-19. All ESI (1) must include the unprocessed "as kept in the ordinary course of business" state (i.e., in native format), (2) must also be rendered to TIFF image format, and (3) must also be accompanied by a Concordance® .dat file and a cross reference image load file(".opt", ".lfp"). All applicable metadata (see section 3 below) shall be extracted and provided in a standard document review platform load file format as set forth below in sections 2(a), 2(b), and 2(c).

1. **Image File Format**: All images, paper documents scanned to images, or rendered ESI shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.

    - All TIFF file names shall include the unique Bates number burned into the image.

    - Each Bates number shall be seven or more digits, include leading zeros in the number, and be unique for each produced page.

    - All TIFF image files shall be stored with the "*.TIF" extension.

    - Images shall be OCRed using a standard COTS products.

    - All pages of a document or all pages of a collection of documents that comprise a a folder or other logical grouping, including a box, shall be delivered on a single piece of media.

    - No image folder shall contain more than 10,000 images.

    - The entire file path, including the complete file name, shall not exceed 175 characters.

    2.    **Document Review Platform Cross Reference file:** Images should be accompanied by an Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page. Image Cross Reference Sample Format:

IM,ABC_0000001,D,0,@VOL_001;IMAGES\00\001; ABC_0000001.tif;2,0

IM,ABC_0000001,D,0,@VOL_001;IMAGES\00\001; ABC_0000001.tif;2,0

IM,ABC_0000001,C,0,@VOL_001;IMAGES\00\001; ABC_0000001.tif;2,0 IM,ABC_0000001,

,0,@VOL_001;IMAGES\00\001; ABC_0000001.tif;2,0 IM,ABC_0000001,

,0,@VOL_001;IMAGES\00\001; ABC_0000001.tif;2,0

IM,ABC_0000001,D,0,@VOL_001;IMAGES\00\001; ABC_0000001.tif;2,0

    3.    **Document Review Platform Load File**: Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.

- ASCII text delimited load files are defined using the following delimiters:
  *Field Separator*                                      ¶         *or Code 020*
  *Text Qualifier*                                        þ         *or Code 254*
  *Substitute Carriage Return or New Line*   ®        *or Code174*

- The text file should also contain hyperlinks to applicable native files, such as Excel, PowerPoint, audio, or video files.

- There should be one line for every record in a collection.

- The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

þBEGDOCþ¶þENDDOCþ¶þDOCIDþ¶þDOCDATEþ¶þFILENAMEþ¶þTITLE

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the *.TXT extension.

- Text files shall not be provided in the same folder as the TIFF images.

3. **Required Metadata/Database Fields**

The metadata of ESI should be extracted and provided in a *.DAT file using the field definitions and formatting described below:

| Field Name | Definition | Include for Emails and Text Messages | Include for other electronic files | Include for Paper documents |
|---|---|---|---|---|
| **Begin_Bates** | Bates number for the first image of a document (or the Bates number of the placeholder page for a native document). | Y | Y | Y |
| **End_Bates** | Bates number for the last image of a document (or the Bates number of the placeholder page for a native document). | Y | Y | Y |
| **Begin_Attach** | Only for document families,[2] provide Bates number for the first image of the first attachment or embedded file. Leave this field blank if there is no document family. | Y | Y | Y |

---

[2] Document Family means a group of related documents, including: (1) paper documents that were grouped together or physically attached by clips, staples, binding, folder, etc.; (2) email with its attachment(s); and (3) files with embedded documents

| End_Attach | Only for document families, provide Bates number for the last image of the last attachment or embedded file. Leave this field blank if there is no document family. | Y | Y | Y |
|---|---|---|---|---|
| **Parent ID** | Bates number of the parent document (filled in only for "child" documents). | Y | Y | Y |
| **PgCount** | The number of images produced for this document (1 for placeholder). | Y | Y | Y |
| **From** | "From" field in email. | Y | | |
| **To** | "To" field in email. | Y | | |
| **CC** | "CC" field in email. | Y | | |
| **BCC** | "BCC" field in email. | Y | | |
| **Subject** | "Subject" field in email. | Y | | |
| **Attachments** | File names of the attachments. | Y | | |
| **DateSent** | DateSent field from email. Include both date and time (format: 9/28/2012 1:16 PM or 9/28/2012 13:16:34). | Y | | |

15

| **Redacted** | "Yes" if the document has been redacted. | Y | Y | Y |
|---|---|---|---|---|
| **Confidential** | Confidential Designation (if any). | Y | Y | Y |
| **MD5Hash** | The MD5 hash value calculated when the file was collected or processed. | Y | Y | |
| **Prod_FilePath** | The path to the native file on the production media. | | Y | |
| **Native_filename** | Original name of the native file when the file was collected or processed. | Y | Y | |
| **Text File Path** | Path to the text file on the production media. | Y | Y | Y |

16