

**U.S. Department of Justice**

---

| United States Attorney's Office | Civil Rights Division |
| District of New Jersey | Housing and Civil Enforcement Section |

*U.S. Mail:*   970 Broad Street 7th Floor
              Newark, New Jersey 07102
*Telephone:*  (973) 645-2700
*Facsimile:*  (973) 645-2702

*U.S. Mail and*   4 Constitution Square
*Overnight:*      150 M Street, NE, Suite 8000
                  Washington, DC 20530
*Telephone:*      (202) 514-4713
*Facsimile:*      (202) 514-1116

December 30, 2021

**BY EMAIL**
The Honorable Douglas E. Arpert
United States Magistrate Judge
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

  Re: <u>**United States v. Township of Jackson et al.**,</u>
    **Civil Action No. 20-CV-6109 (MAS)(DEA)**

Dear Magistrate Judge Arpert,

  We write to respectfully request a conference in this case as soon as possible to address outstanding discovery issues and also to revise the current discovery schedule in this case.  As a primary matter, the United States still has not received any documents related to the electronically stored information ("ESI") in this case, despite multiple promises made by defendants.  Second, the United States has identified a potential conflict of interest in defendants' counsel representing former Township Council and Planning Board members with respect to certain outstanding subpoenas issued to those members pursuant to Federal Rule of Civil Procedure 45.  The current discovery schedule in this case sets the close of fact discovery on January 8, 2022.  Accordingly, we seek to alert the Court to these issues and to revise the discovery schedule.

  By way of background, with respect to the first issue, defendants in this action must produce electronically stored information ("ESI") as part of their responses to the United States' discovery requests.  On July 22, 2021, Brent Pohlman, defense counsel in the associated private action, <u>Agudath Israel of America et al v. Township of Jackson, et al.</u>,[1] Civil Action No. 17-CV-3226, who is responsible for coordinating production of the defendants' ESI, informed the United States that he would begin document collection for responsive ESI the following

---

[1] This case has been consolidated with the instant case for the purposes of discovery.

week, with the goal of providing a rolling production. Since that date, Mr. Pohlman has represented to the parties on multiple occasions, and in at least one instance, to the Court, that he had collected the documents at issue, needed to review them, and would be producing them shortly. At the November 8, 2021 conference in this case, Mr. Pohlman reiterated again that he had the documents at issue, but he needed additional time to review them. The Court asked Mr. Pohlman to file a letter setting forth a plan to produce the documents within thirty days. On November 9, Mr. Pohlman submitted a letter to the Court proposing a rolling production plan to the parties in which defendants would provide an initial set of documents followed by a second set initially withheld for privilege review. The United States agreed to this production plan on November 16 in an effort to expedite discovery. At the time of his request, Mr. Pohlman represented to the United States that this plan would allow for production of the initial set of documents as early as the following week. Since that time, defendants have restated their interest in producing the documents to the United States but have failed to actually produce any documents.

With respect to the second issue, in the spring and early summer of 2021, the United States sought to obtain information and documents relating to this case from former Jackson Township Council and Planning Board members. Defense counsel in this action informed us that they did not represent former members and that the United States would need to issue subpoenas to those former members pursuant to Federal Rule of Civil Procedure 45, which the United States did. Of note, certain of those former members had taken positions adverse to the interests of Jackson Township officials in depositions in a related case, and it is possible that the information and documents requested by the subpoenas could contain material adverse to the interests of defendants in this litigation. On July 30, 2021, Sean Gertner, defense counsel on behalf of the Planning Board, informed the United States that he would be representing the former Planning Board members with respect to the subpoenas and that Greg McGuckin, defense counsel on behalf of the Township, would represent former Township Council members with respect to the subpoenas. The Township Ordinance authorizing this representation also permitted representation of the subpoena recipients with respect to "other discovery requests received for such litigation currently pending." Despite a subpoena return date of July 22, 2021, the United States have not received any responsive documents. Given the nature of the documents requested by the subpoenas and other discovery pending in this case, the United States raised concerns to defense counsel that representing both the subpoena recipients and the current Township Council and Planning Board members may implicate Rule 1.7 of the New Jersey Rules of Professional Conduct. The United States has raised this with defense counsel, but defense counsel has denied any conflict and has not offered any date upon which they will produce the subpoenaed documents, which were due on July 22, 2021.

As a result of our inability to obtain the requested ESI or subpoenaed materials, the United States respectfully requests that the Court schedule a status conference as soon as possible to discuss ESI production and revise the discovery schedule in this case. The United States also respectfully requests an opportunity

to submit more detailed briefing to the Court about its potential conflict of issue concerns should the parties be unable to resolve the issue at the conference.

                                              Sincerely,

| | |
|---|---|
| Kristen Clarke<br>Assistant Attorney General<br>Civil Rights Division | Philip R. Sellinger<br>United States Attorney<br>District of New Jersey |
| By: /s *David Gardner*<br>     Sameena Shina Majeed<br>     Chief<br>     Housing and Civil Enforcement Section<br>     Ryan G. Lee<br>     David Gardner<br>     Trial Attorneys<br>     Civil Rights Division | By: *Kelly Horan Florio*<br>     Kelly Horan Florio<br>     Assistant U.S. Attorney<br>     Civil Rights Unit |